

**FILED & ENTERED**

NOV 15 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:10-bk-62980-PC |
| PAX AMERICA DEVELOPMENT, LLC, | Chapter 7 |
| | **MEMORANDUM DECISION** |
| | Date: November 14, 2013<br>Time: 9:00 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom # 1468<br>255 East Temple Street<br>Los Angeles, CA  90012 |
| Debtor. | |

Before the court is the Motion for Order Canceling and/or Voiding Trustee's Deed Upon Sale Dated December 20, 2010 for Violation of the Automatic Stay ("Motion") filed by WETAC LLC ("WETAC"), together with the written opposition of New Vision Horizon, LLC ("New Vision").  At the hearing, WETAC and New Vision conceded that the only issues remaining to be decided by the court with respect to the Motion are (1) whether WETAC has standing to seek damages for an admitted violation of the automatic stay by New Vision; and (2) if so, whether WETAC has established a claim for damages recoverable from New Vision for violation of the

automatic stay.[1]  Having considered those issues, the court will deny the balance of the relief requested in the Motion.

WETAC seeks damages for New Vision's admitted violation of the automatic stay pursuant to 11 U.S.C. § 362(k).[2]  Because the only legal beneficiaries of the automatic stay are the debtor and trustee, a creditor does not have standing to seek damages for violation of the automatic stay. Tilley v. Vucurevich (In re Pecan Groves of Arizona), 951 F.2d 242, 245 (9th Cir. 1991).  According to the Ninth Circuit:

> A party seeking relief under the automatic stay provision must have standing in two respects: constitutional standing and standing under the Bankruptcy Code. City of Farmers Branch v. Pointer (In re Pointer), 952 F.2d 82, 85 (5th Cir.), cert. denied sub nom. Pointer v. Carrollton-Farmers Branch Indep. School Dist., 505 U.S. 1222, 112 S.Ct. 3035 (1992). It is clear that a secured creditor has constitutional standing when another creditor violates the automatic stay: it suffers a palpable injury, which can be traced to the other creditor's allegedly unlawful conduct, and can be redressed by the bankruptcy court. Id. (citing Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)).
>
> Under the Bankruptcy Code, only a party that Congress has designated a beneficiary of the stay has standing to bring an action to declare a violation of the stay void. James v. Washington Mut. Sav. Bank ( In re Brooks), 871 F.2d 89, 90 (9th Cir.1989). This court,

---

[1] Earlier today, the court granted New Vision's motion [Dkt. # 181] filed on October 18, 2013, seeking relief from the automatic stay to exercise its rights with respect to the real property and improvements at 618 S. Spring Street, Los Angeles, California.  The court granted New Vision's motion for "cause" pursuant to 11 U.S.C. § 362(d)(1), and annulled the stay to the petition date so that the filing of the bankruptcy petition in this case did not affect any and all of the enforcement actions that were taken by New Vision after the filing of the bankruptcy petition, including the foreclosure and sale of the subject property on December 20, 2010.  The court adopts and incorporates herein by reference all of the findings of fact and conclusions of law stated on the record after the close of evidence at the hearing on New Vision's motion pursuant to F.R.Civ.P. 52(a)((1), as incorporated into FRBP 7052.

[2] Motion 2:22-24; 9:1-10.  In its Motion, WETAC notes that "[a] party injured by a stay violation 'can recover damages in the form of costs and attorney's fees under section 105(a) as a sanction for ordinary civil contempt." Id. at 6:16-17.  However, a contempt proceeding must be initiated by the filing of a motion seeking the issuance of an order to show cause as required by LBR 9020-1.  To the extent WETAC's Motion seeks damages under § 105(a) in the form of attorney's fees and costs as a sanction for civil contempt, the motion is denied for WETAC's failure to comply with LBR 9020-1.

in <u>Pecan Groves</u>, clearly held that the only legal beneficiaries of the stay are the debtor and the trustee. 951 F.2d at 245. This proposition is clear from the language of § 362(a), which by its terms only protects the debtor and the property of the estate from the enumerated threats.

In a practical sense, of course, the automatic stay does operate to the benefit of the creditors because it provides for the orderly distribution of the property of the debtor's estate. However, <u>the fact that individual creditors might incidentally benefit from the automatic stay or be injured in some way by its violation does not give those creditors standing under the Bankruptcy Code to bring an action claiming the stay was violated</u>. If creditors wish to complain of a violation of the stay they must speak to the bankruptcy court through the trustee.

<u>Assocs. Fin. Servs. Co. v. First Fed. Sav. & Loan Ass'n (In re Franck)</u>, 19 F.3d 1440, 1994 WL 93169, *2 -*3 (9th Cir. 1994) (citations original) (emphasis added). Because WETAC does not have standing under the Bankruptcy Code to pursue a claim for damages against another creditor for an alleged violation of the automatic stay, WETAC's Motion must be denied on the basis of lack of standing alone.

Even if the court could find that WETAC had both constitutional standing and standing under the Bankruptcy Code to pursue a claim against New Vision for damages for a violation of the automatic stay and that WETAC had established that the stay violation by New Vision was willful, the court cannot award the damages sought by WETAC pursuant to 11 U.S.C. § 362(k) for two reasons. First, § 362(k) applies only to individuals. WETAC is a limited liability corporation, not an individual. See <u>Johnson Envt'l Corp. v. Knight (In re Goodman)</u>, 991 F.2d 613, 619 (9th Cir. 1993). Second, the only evidence of damages proffered by WETAC is the declaration of WETAC's counsel which states, in pertinent part, that the sum of $15,486 in attorney's fees and costs were incurred, or will be incurred, in connection with the Motion.[3] There is no evidence of damages other than the attorney's fees and costs incurred in bringing the motion. Damages that may be awarded under § 362(k) attributable to a willful violation of the automatic stay do not include attorney's fees and costs incurred in a bankruptcy case to prosecute

---

[3] Motion (Kwon Dec.) ¶15.

a claim under § 362(k). <u>Sternberg v. Johnston</u>, 595 F.3d 937, 948 (9th Cir. 2010).  Accordingly, WETAC's Motion must be denied in its entirety.

    New Vision shall lodge a proposed order denying the relief requested in the Motion consistent with this Memorandum Decision.

###

Date: November 15, 2013

Peter H. Carroll
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):  **Memorandum Decision** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 11-15-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Sean D Allen    sda@sghoalaw.com
- Julian K Bach    Julian@Jbachlaw.com
- Jennifer A Bender    bankruptcy@zievelaw.com
- Michael C Bergkvist    rotorbear@earthlink.net, mbergkvist@aol.com
- Lawrence R Boivin    lboivin@mileslegal.com
- David W Brody    dbrody@brody-law.com, bknotice@brody-law.com
- Michael W Burnett    mwb@burnettpc.com, mhernandez@burnettpc.com
- Evan M Daily    ecfcacb@piteduncan.com, edaily@piteduncan.com
- Michael T Delaney    mdelaney@lbbslaw.com, monique.talamante@lewisbrisbois.com
- Daniel K Fujimoto    wdk@wolffirm.com
- Nichole Glowin    nglowin@wrightlegal.net, bkgroup@wrightlegal.net
- Amy L Goldman    goldman@lbbslaw.com
- Arnold L Graff    ecfcacb@piteduncan.com
- Lemuel B Jaquez    bjaquez@mileslegal.com
- Alyssa B Klausner    abk@sghoalaw.com
- Brad Krasnoff    krasnoff@lbbslaw.com
- Phillip H Kwon    phillip@kwonlaw.com
- Scott Lee    slee@lbbslaw.com
- Miyun Lim    teribklaw@gmail.com
- Terry Loftus    bknotice@mccarthyholthus.com, tloftus@mccarthyholthus.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- John J Menchaca (TR)    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- Marisol A Nagata    cdcaecf@bdfgroup.com
- Christina J O    christinao@mclaw.org, erica@mclaw.org
- John Park    jparkatty@sbcglobal.net
- John Park    jparkatty@sbcglobal.net
- Ronald D. Roup    ecf@rouplaw.com
- Michael R Totaro    tsecfpacer@aol.com
- Brian H Tran    btran@mileslegal.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Catherine T Vinh    ecfcacb@piteduncan.com
- Edward T Weber    bknotice@rcolegal.com
- Gilbert B Weisman    notices@becket-lee.com
- Kristi M Wells    bknotice@rcolegal.com
- Kristin A Zilberstein    bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com